**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLIFFORD MAYO,<br><br>   Plaintiff,<br><br>   v.<br><br>DIVERSIFIED CONSULTANTS, INC.,<br>and COLLECTO, INC. d/b/a EOS USA<br><br>   Defendants. | Civil Action No. 19-5235 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court upon Defendants Diversified Consultants, Inc. ("Diversified") and Collecto, Inc. d/b/a EOS USA's ("EOS") (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint (ECF No. 6). Plaintiff Clifford Mayo ("Plaintiff") opposed (ECF No. 7), and Defendants replied (ECF No. 8). Defendants subsequently submitted three notices of additional authority in support of their position. (ECF Nos. 9-11.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

**I.  BACKGROUND**

  At some point prior to March 2018, Plaintiff incurred a "debt" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, to AT&T Mobility.[1] (Compl.

---

[1] The amount of the debt was $184.84. (Compl., Ex. A, ECF No. 1-2.)

¶¶ 13-15, ECF No. 1.) On or about March 7, 2018, Diversified sent Plaintiff a letter (the "March 7 Letter") regarding the debt. (*Id.* ¶ 19.) The March 7 Letter reads, in relevant part:

> Unless you notify this office within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(*Id.*, Ex. A.)[2] Plaintiff alleged that the March 7 Letter was defective and therefore Diversified's attempt to collect the debt violated the FDCPA. (*See generally* Compl.) On February 11, 2019, Plaintiff filed the instant action alleging violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692g. As to § 1692e, Plaintiff alleges that Defendants violated the statute on two fronts. First, Plaintiff asserts that Defendants violated § 1692e because the March 7 Letter was "open to more than one reasonable interpretation, at least one of which is inaccurate." (*Id.* ¶ 36(a).) Second, Plaintiff avers that the March 7 Letter made "a false and misleading representation in violation of [§ 1692e(10).]" (*Id.* ¶ 36(b).) Plaintiff further alleges that Defendants violated § 1692g by "falsely misstating the consumer's rights by omitting the requirement that he must request validation and make any dispute of the debt in writing." (*Id.* ¶ 41.)

On March 18, 2019, Defendants moved to dismiss both counts of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] (Defs.' Moving Br. 3, ECF No. 6-1.) On March 28, 2019, Plaintiff Opposed Defendants' Motion. (Pl. Opp'n Br., ECF No. 7.) Defendants replied on

---

[2] Hereinafter, the Court refers to this section of the March 7 Letter as the "G Notice."

[3] Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

April 2, 2019. (Defs.' Reply Br., ECF No. 8.) On July 31, 2019, Defendants submitted their third notice of additional authority, consisting of this Court's decision in *Ulrich v. Radius Global Solutions, LLC*,[4] and a decision by the Honorable Freda L. Wolfson, U.S.D.J., in *Hairston v. Diversified Consultants, Inc.*[5] (Defs.' Third Notice of Additional Auth., ECF No. 11.)

## II.   LEGAL STANDARD

District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When deciding a motion to dismiss, the Court "generally consider[s] only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

---

[4] No. 18-15797, 2019 WL 3430472 (D.N.J. July 29, 2019).

[5] No. 19-6922 (D.N.J. July 30, 2019).

## III.   THE PARTIES' POSITIONS

In support of their Motion to Dismiss, Defendants argue that the March 7 Letter complies with § 1692g because it "provides [the] consumer with the statutorily required notices mandated by Congress" that must be included in an initial collection letter. (Defs.' Moving Br. 2.)[6] Defendants aver that contrary to Plaintiff's allegations, the March 7 Letter neither explicitly states nor implicitly suggests that an oral dispute of the debt would be effective. (*Id.* at 2-3.) Specifically, Defendants contend that the March 7 Letter contains no language that could be construed as demanding payment or threatening legal action within the validation period prescribed by the statute. (*Id.* at 5-6.) Defendants rebut Plaintiff's claims that the G Notice is insufficient to apprise the consumer of his rights under the statute by noting that the language of the G Notice tracks closely with the statutory language of § 1692. (*Id.* at 11.)

Defendants further argue that the use of the word "if" in the G Notice does not create an implication that disputing the debt in a manner other than in writing would be acceptable. (*Id.* at 14.) To support their arguments, Defendants point to numerous decisions within the District of New Jersey where courts, including this Court, have interpreted language nearly identical to that at issue in the instant matter and granted dismissal in favor of the debt collector. (*Id.*); *see, e.g. Gottesman v. Virtuoso Souring Grp., LLC*, No. 18-16759, 2019 WL 3759535, at *1 (D.N.J. Aug. 9, 2019); *Ulrich*, 2019 WL 3430472; *Hairston*, No. 19-6922, at *1 (D.N.J. July 30, 2019); *Helinski v. Americollect, Inc.*, No. 19-4401, 2019 WL 2315042, at *2 (D.N.J. May 31, 2019); *Rodriguez v.*

---

[6] The Court notes that Defendants make no specific argument as to Plaintiff's allegations concerning § 1692e. (*See generally* Def.'s Moving Br.; *See generally* Def.'s Reply Br.) As discussed below, however, the Third Circuit has held that when a plaintiff's allegations under § 1692e are "based on the same language or theories as allegations under [§ 1692g], the analysis of the § 1692g claim is usually dispositive." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013).

*Northland Grp., LLC*, No. 18-7692, 2018 WL 6567705, at *2 (D.N.J. Dec. 13, 2018); *Borozan v.*

*Fin. Recovery Servs., Inc.*, No. 17-11542, 2018 WL 3085217, at *4 (D.N.J. June 22, 2018).

Plaintiff opposes dismissal and advances two arguments. (Pl.'s Opp'n Br. 2.) Plaintiff argues that the March 7 Letter violated the FDCPA because: (1) it failed to effectively communicate that any dispute had to be in writing to trigger Defendants' obligations under the statute; and (2) the use of the word "if" in the G Notice falsely suggests to the least sophisticated consumer that disputing the debt in writing is optional, thus creating multiple interpretations of the language. (*Id.*) As to his first argument, Plaintiff contends that the G Notice runs afoul of Third Circuit case law—most notably, *Graziano v. Harrison*[7]—by failing to communicate the writing requirement. (*Id.* 5-6.) In support of this proposition, Plaintiff points to two cases from the Eastern District of Pennsylvania, *Henry v. Radius Global Solutions*[8] and *Durnell v. Stoneleigh Recovery Assocs., LLC*,[9] where courts interpreted similar language to that at issue here and denied the debt collectors' dispositive motions. (*Id.* 5-9.) As to his second argument, Plaintiff contends that the word "if" creates conflicting interpretations of the G Notice's language, "one of which is false," in violation of the FDCPA. (*Id.* 10.)

## IV.   **DISCUSSION**

This Court previously considered virtually identical arguments in *Ulrich* and adopts the same rationale it articulated in that matter in reaching its decision here.

The FDCPA was enacted to curb "abusive debt collection practices by debt collectors, [and] to ensure that those debt collectors who refrain from using abusive debt collection practices

---

[7] 950 F.2d 107, 109 (3d Cir. 1991).

[8] 357 F. Supp. 3d 446, 450 (E.D. Pa. 2019).

[9] No. 18-2335, 2019 WL 121197 (E.D. Pa. Jan. 7, 2019).

are not competitively disadvantaged . . . ." 15 U.S.C. § 1692(e). To state a claim under the FDCPA, a plaintiff must adequately allege: "(1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." *Ulrich*, 2019 WL 3430472, at *3 (quoting *Borozan*, 2018 WL 3085217, at *3). The FDCPA defines a "consumer"[10] as a "person obligated or allegedly obligated to pay any debt" and a "debt collector" as a person or entity who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a.[11] Within five days of an initial communication with the consumer, the debt collector must send the consumer written correspondence containing the following information:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

---

[10] Third Circuit cases interchangeably use the term "debtor" to refer to an individual who is defined as a "consumer" under the FDCPA. The Court notes this for clarity.

[11] In his Complaint, Plaintiff identifies Defendants as "debt collectors" within the meaning of the statute. (*See generally* Compl.) Defendants do not dispute this designation. (*See generally* Defs.' Moving Br.)

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1)-(5).

Courts analyze these statutory provisions from the perspective of the "least sophisticated debtor." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3d Cir. 2008). This standard is "less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a *reasonable* debtor." *Id.* (emphasis added). But this standard does "not go so far as to provide solace to the willfully blind or non-observant." *Id.*; *see also Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 510 (6th Cir. 2007). Accordingly, courts will presume a "basic level of understanding and willingness to read with care" on the part of the consumer, effectively inoculating debt collectors from liability stemming from "bizarre or idiosyncratic interpretations of collection notices." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000), *as amended* (Sept. 7, 2000) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

"[T]o comply with the requirements of § 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter; the required notice must also be conveyed effectively to the debtor." *Id.* A debt collector violates the FDCPA when a validation notice is "overshadowed" or "contradicted by other portions of the communication." *Id.*

Here, the gravamen of Plaintiff's argument is that the G Notice was insufficiently precise as to the method by which a consumer is required to dispute a debt under the statute and that *Graziano* requires debt collectors to include an "in writing" requirement in their § 1692g(a)(3) statements. Critically, this line of argument is based upon an overly broad reading of *Graziano* and was rejected by the court in *Henry*, a case upon which Plaintiff urges the Court to rely. In *Henry*,

the court held that "*Graziano* did not hold [that] . . . to comply with § 1692g(a)(3) a debt collector

must include the words 'in writing.' *Henry*, 357 F. Supp. 3d at 453. The [*Graziano*] court simply

held a debtor must dispute the debt in writing under § 1692g(a)(3)." *Id.* Defendants counter

Plaintiff's argument by asserting that the language of the G Notice neither explicitly nor implicitly

suggests that a dispute can be effectuated in a manner other than writing. Defendants' argument is

persuasive. In *Caprio v. Healthcare Revenue Recovery Grp., LLC*, the Third Circuit analyzed a

two-sided collection notice. *Caprio*, 709 F.3d at 145. The validation notice was contained on the

reverse side of the communication and read, in relevant part, as follows:

> Pursuant to Sec. 809 of the Fair Debt Collection Practices Act,
> unless you notify this office within 30 days after receiving this
> notice that you dispute the validity of this debt or any portion
> thereof, this office will assume this debt is valid. If you notify this
> office in writing within 30 days from receiving this notice that you
> dispute the validity of this debt or any portion thereof, this office
> will: obtain verification of the debt or obtain a copy of a judgement
> and mail you a copy of such judgement or verification. If you request
> this office in writing within 30 days after receiving this notice, this
> office will provide you with the name and address of the original
> creditor, if different from the current creditor.

*Id.* at 146. Although the *Caprio* court found that the "substance as well as the form" of the

communication improperly overshadowed the validation notice,[12] it confirmed that the text of the

validation notice itself, "at least when viewed in isolation"—satisfied [the] statutory scheme of

[§ 1692]. *Id.* at 149, 151. The G Notice at issue here is highly similar to the one evaluated in

*Caprio*.

Just as this Court stated in *Ulrich*, Plaintiff's arguments regarding the G Notice are neither

innovative nor compelling. Numerous courts in this District have evaluated and rejected identical

---

[12] In reaching this conclusion, the *Caprio* court specifically referenced portions of the communication that read: "[i]f we can answer any questions, or if you feel you do not owe this amount, please call us toll free at 800–984–9115 or write us at the above address." *Caprio*, 709 F.3d at 150.

arguments.[13] First, in *Borozan*, Chief Judge Wolfson rejected the argument that a nearly identical validation notice violated § 1692 because it did not provide that a dispute *must* be in writing. *Borozan*, 2018 WL 3085217, at *4. Judge Wolfson explained that the first and second sentences of the validation notice must be read in conjunction. *Id.* at *6. The first sentence informed the consumer of the consequences of failing to dispute the debt: that the debt will be presumed valid. *Id.* The second sentence "provides instructions on how to dispute the debt and the effect of disputing a debt." *Id.* Judge Wolfson further found that the validation notice in *Borozan* closely resembled the statutory language of § 1692, "without providing confusing, alternative ways to dispute the debt that would contradict the validation notice." *Id.* Because the validation notice clearly communicated the consumer's rights, the language did not violate the statute and, therefore, the plaintiff had failed to state a claim. *Id.* at *7. Judge Wolfson reiterated this reasoning in *Rodriguez*, *Gottesman*, and *Hairston*. The Honorable Kevin McNulty, U.S.D.J., found similarly in *Helinski v. Americollect, Inc.*

Plaintiff encourages the Court to disregard this rationale and instead follow the holdings articulated in *Cadillo v. Stoneleigh Recovery Assocs., LLC* and *Poplin v. Chase Receivables, Inc.*[14] The validation notice in *Cadillo* contained similar language to the G Notice at issue here. *Id.* at *1. The *Cadillo* court found that although "Defendant's collection notice put Plaintiff on notice of her right to dispute the debt . . . the collection letter does not adequately inform Plaintiff that she must do so in writing." *Id.* at *3. Specifically on the use of the word "if," the *Cadillo* court held that the

---

[13] *See, e.g.*, *Gottesman*, 2019 WL 3759535, at *1; *Hairston*, No. 19-6922, at *1; *Ulrich*, 2019 WL 3430472, at *1; *Helinski v. Americollect, Inc.*, 2019 WL 2315042, at *2; *Rodriguez*, 2018 WL 6567705, at *2; *Borozan*, 2018 WL 3085217, at *4.

[14] *Cadillo v. Stoneleigh Recovery Assocs., LLC*, 2017 WL 6550486, at *1 (D.N.J. Dec. 21, 2017), *motion to certify appeal denied*, 2018 WL 702890 (D.N.J. Feb. 2, 2018); *Poplin v. Chase Receivables, Inc.*, No. 18-404, at *1 (D.N.J. Sept. 26, 2018).

notice could "arguably confuse the least sophisticated consumer as to whether a written response was required" and thus held the plaintiff pleaded sufficient facts to survive a motion to dismiss. *Id.* The Court does not find the reasoning in *Cadillo* and *Poplin* persuasive.

The Court finds that the language of the G Notice does not violate § 1692. A conjunctive reading of the G Notice leads the least sophisticated consumer to only one logical conclusion: the consumer must dispute the debt in writing. As this Court held in *Ulrich*, the use of the word "unless" in the first sentence of the G Notice "informs the consumer what will happen if he or she does not dispute the debt." *Ulrich*, 2019 WL 3430472, at *5. The second sentence—"[i]f you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification"— informs the consumer as to the method of disputing the debt, the time period in which such a dispute must be made, and the action the debt collector will take in response to a dispute. *Id.* The least sophisticated debtor "would understand that that notification mentioned in the second sentence refers to the notification mentioned in the first sentence." *Hernandez v. Mercantile Adjustment Bureau, LLC*, No. 13-843, 2013 WL 6178594, at *1 (D.N.J. Nov. 22, 2013). Moreover, the language in the G Notice closely tracks the statutory language of § 1692. As Judge Wolfson observed in *Rodriguez*, "[a]s a matter of fairness, [d]efendant[s] should not be subjected to statutory liability . . . when [they presumably] reasonably relied on the very statute to craft the notice at issue." *Rodriguez*, 2018 WL 6567705, at *5.

Because the Court holds that the G Notice complies with § 1692g, Plaintiff's § 1692e claim also fails. "[W]hen allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under [§ 1692g], the analysis of the § 1692g claim is usually dispositive." *Caprio*, 709 F.3d at 155. The Court rejects Plaintiff's contention that the March 7 Letter is subject

to more than one reasonable interpretation. Here, the Court finds that the March 7 Letter is not "a false representation" or "deceptive" in violation of § 1692e. Plaintiff, therefore, has similarly failed to state a claim as to § 1692e.

## V.  CONCLUSION

Plaintiff has failed to allege facts sufficient to state a claim upon which relief may be granted. Defendants' Motion to Dismiss the Complaint, accordingly, is granted. Because the Court resolves this issue on the merits, it reaches no conclusion as to whether EOS is a proper Defendant in this matter.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2019